UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

LAZARO BURGOS REYES, 20603582

                              Plaintiff,

v.

SHERIFF THOMAS BEILEIN, et al.

                              Defendants.

_____

**REPORT, RECOMMENDATION AND ORDER**

07-CV-00779(A)(M)

        This action was referred to me by Hon. Richard J. Arcara for supervision of pretrial proceedings, including "hearing and disposition of all non-dispositive motions" and "hear[ing] and report[ing] upon dispositive motions" [12].[1] Before me are defendants' motions to dismiss the case, or in the alternative, precluding plaintiff from offering evidence [28, 30]. For the following reasons, I recommend that defendants' motions be DENIED to the extent they seek to dismiss the complaint, and I order that the motions be DENIED to the extent they seek to preclude evidence.

**BACKGROUND**

        Plaintiff commenced this 42 U.S.C. §1983 action alleging *inter alia*, that defendants were deliberately indifferent to his medical condition [1]. At the time of the preliminary pretrial conference conducted on May 2, 2008, plaintiff was incarcerated at the Geauga County Jail in Ohio. He advised that he would be released from custody on August 3,

_____

    [1]      Bracketed references are to CM/ECF docket entries.

2008.[2] Defendants contend that he thereafter did not properly advise them or the court of his whereabouts, and seek dismissal of the complaint for that reason.

**DISCUSSION AND ANALYSIS**

Loc. R. Civ. P. ("Local Rule") 5.2(d) provides that "a *pro se* litigant must inform the Court immediately in writing of any change of address." The Local Rule cautions that "failure to do so may result in dismissal of the case with prejudice." Local Rule 5.2(d).[3]

Defendants Aikin and Hohensee argue that in August 2008 they mailed letters to plaintiff to schedule his deposition and served discovery demands on him at the Geauga County Jail. Affidavit of Joel Java, Jr. Esq. [28], ¶¶ 8-9. These envelopes were returned marked "Return to Sender", "Refused" and "Unable to Forward." Id. at ¶10. In early August, 2008, defendants then learned that plaintiff was released from the custody from the Geauga County Jail. Affidavit of Joel Java, Jr. Esq. [28], ¶11; Affidavit of Shawn Martin, Esq. [31], ¶8.

Defendants argue that they have no method for contacting plaintiff to comply with the November 3, 2008 deadline in the Amended Case Management Order [20] for completing his deposition. Affidavit of Joel Java, Jr., Esq. [28], ¶13; Affidavit of Shawn Martin, Esq., [30], ¶9. Consequently, defendants filed these motions on November 7 and 10, 2008 seeking to dismiss the complaint with prejudice, or in the alternative, to preclude plaintiff from

---

[2] Defendants Christopher Aikin and James Hohensee, M.D. allege that this representation was made at the subsequent June 2, 2008 conference. Affidavit of Joel Java, Jr., Esq. [28], ¶7. The audio recording of the proceeding confirms otherwise.

[3] Defendants do not move to dismiss for failure to prosecute pursuant to Fed. R. Civ. P. ("Rule") 41(b).

offering proof on those matters for which he has failed to provide discovery. On November 10, 2008, plainitiff contacted Mr. Java and informed him that he was incarcerated at the Cattaraugus County Jail in New York. Supplemental Affidavit of Joel Java, Jr., Esq. [35], ¶3.[4]

The certificate of service annexed to defendant Sheriff Thomas Beilein's motion to dismiss indicates that it was served upon plaintiff at the Cattaraugus County Jail [32]. Thus, there appears to be no basis for defendant Beilein's argument that he has no "method of contacting the plaintiff" (affidavit of Shawn Martin, Esq. [31], ¶9).

Defendants Aikin and Hohensee's position is equally unfounded. Despite also initially indicating that he was unaware of plaintiff's whereabouts, Mr. Java acknowledges in a supplemental submission that he has since learned that plaintiff had changed his address on the docket "at some point". Supplemental Affidavit of Joel Java, Jr., Esq. [35], ¶5.

Thus, it was incorrect for defendants to argue that they had no method for contacting plaintiff at the time they filed these motions. Although it does appear that some time elapsed from plaintiff's August 2008 release from the Geauga County Jail to the time he advised the court of his current address at the Cattaraugus County Jail on September 30, 2008 (Plaintiff's Opposing Affidavit [38], ¶5), that lapse of time does not warrant the drastic remedy of dismissal of the complaint. The Second Circuit "has expressed on numerous occasions its preference that litigation disputes be resolved on the merits," and "ha[s] recognized that dismissal is a harsh remedy to be utilized only in extreme situations." Marfia v. T.C. Ziraat Bankasi, New York

---

[4] It is unclear whether this was a coincidence or as a result of plaintiff being served with defendants Aikin and Hohensee's motion to dismiss insofar as the certificate of service indicates that the motion to dismiss [28] was only served on Mr. Martin. *See* [28-9].

Branch, 100 F.3d 243, 249 (2d Cir. 1996).[5] Therefore, I do not find that plaintiff's conduct warrants dismissal of the complaint.[6]

For the same reason, I deny defendants' motions to the extent they seek to preclude plaintiff from offering proof on matters for which he has failed to provide discovery, including any information that could have been obtained during plaintiff's deposition. However, in order to limit any prejudice to defendants, the deadlines in the Amended Case Management Order [20] will be extended to permit defendants an opportunity to depose plaintiff and conduct any remaining discovery.

**CONCLUSION**

For these reasons, I recommend that defendants' motions [28 and 30] be DENIED to the extent they seek to dismiss the complaint, and order that the motions be DENIED to the extent they seek to preclude evidence. A conference is set for June 3, 2009 at 3:00 p.m. to amend the deadlines of the Amended Case Management Order [20]. In the interim, the parties shall confer and submit (jointly or individually) proposed deadlines. Pursuant to 28 U.S.C. §636(b)(1), it is hereby

ORDERED, that this Report, Recommendation and Order be filed with the Clerk of the Court.

---

[5] It is unclear from plaintiff's affidavit [38] what occurred between his release from the Geauga County Jail to his incarceration at the Cattaraugus County Jail and whether he had the ability to promptly update his address.

[6] Plaintiff has since apprised the court of his current address in Cleveland, Ohio.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Rule 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but was not presented to the magistrate judge in the first instance. See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co., 840 F. 2d 985 (1st Cir. 1988).

Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order. Thomas v. Arn, 474 U.S. 140 (1985); Wesolek v. Canadair Ltd., 838 F. 2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.

**SO ORDERED.**

DATED:      May 8, 2009

                                               /s/ Jeremiah J. McCarthy
                                              JEREMIAH J. MCCARTHY
                                              United States Magistrate Judge