UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

LAZARO BURGOS REYES, 20603582,

                      Plaintiff,

v.

SHERIFF THOMAS BEILEIN,
SHERIFF MEDICAL OFFICER
DOCTOR HOHENSEE, and
CHRISTOPHER AIKEN,

                      Defendants.
_____

**REPORT AND RECOMMENDATION**

7-CV-00779(A)(M)

        This case was referred to me by Hon. Richard J. Arcara for supervision of pretrial proceedings, including preparation of a report and recommendation on dispositive motions [12].[1] Before me are defendants' unopposed motions for summary judgment [52 and 53].[2] For the following reasons, I recommend that defendants' motions be granted.

## BACKGROUND

        Plaintiff commenced this 42 U.S.C. §1983 action *pro se*, alleging that while incarcerated at the Niagara County Jail on June 1, 2007, he requested medical attention for pain and swelling in his left leg Complaint [1], Addendum, ¶¶1-3. He alleges that he was seen by defendant Christopher Aikin, a nurse practitioner, of the Medical Department of the Niagara County Jail on June 6, 2007, and was placed on medication. Id., ¶¶4-6. The next day his leg

---

[1]     Bracketed references are to the CM/ECF docket entries.

[2]     Defendants Doctor Hohensee and Christopher Aikin superseded their original summary judgment motion [51]. Although spelled "Aiken" in the complaint, the correct spelling is "Aikin". *See* Aikin Affidavit [51-15].

continued to worsen and he was transported to the Erie County Medical Center ("ECMC"). Id., 9-10. While being transported to ECMC, he allegedly suffered a heart attack, and was advised at the hospital that he was suffering from a Methicillin-resistant Staphylococcus aureus ("MRSA") infection. Id., ¶¶11-15. Upon his return to the Niagara County Jail, plaintiff alleges that he was "refused any further knowledge as to [his] condition and of possible precautions or what of [*sic*] anything, [he] might be subject to watch for in the future". Id., ¶24.

        As a result of this alleged conduct, plaintiff asserts two causes of action. His first cause of action asserts claims under the Sixth, Eighth and Fourteenth Amendments, and violations of his Equal Protection and Due Process rights, alleging that since October 24, 2006, "[a]ll named Defendants . . . [f]ailed to implement procedures and perform lawfull [*sic*] duties of properly screening and diagnosing and medically evaluating persons committed to their care. And have plaintiff equal treatment as the public and the result is heart failure and anxiety thereto". Complaint [1], p. 5. The second cause of action asserts claims under the Sixth, Eighth and Fourteenth Amendments for defendants "[d]eliberately refus[ing] to perform medical duties even those mandated by the New York and Federal Legislatures. Therein, causing this Plaintiff to suffer gross negligence resulting in 'Heart Failure'. And refuse [*sic*] any after care or follow-up care for . . . the anxiety of the unknown". Id., p. 6.

        Following the close of discovery, defendants Sheriff Thomas Beilein [52], James Hohensee, M.D., and Christopher Aikin [53] moved for summary judgment.

ANALYSIS

Although plaintiff was served with a copies of defendants' motions, including the notice to *pro se* plaintiff as required by Local Rule 56.2 (which cautioned him that his failure to respond to the motion may result in his complaint being dismissed without a trial) [52-6 and 53-14], he failed to file any written opposition to the motions despite being granted an extension until July 12, 2010 to file his responses. May 27, 2010 Text Order [56]. Nevertheless, since "even unopposed motions for summary judgment must fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law", D.H. Blair & Co., Inc. v. Gottdiener, 462 F. 3d 95, 110 (2d Cir. 2006), I must consider whether defendants have met their burden for obtaining summary judgment.

A.  **Summary Judgment Standard**

The standard to be applied on a motion for summary judgment in this Circuit is well settled. "'Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The party seeking summary judgment has the burden to demonstrate that no genuine issue of material fact exists. In determining whether a genuine issue of material fact exists, a court must examine the evidence in the light most favorable to, and draw all inferences in favor of, the non-movant[.]  Summary judgment is improper if there is any evidence in the record that could reasonably support the jury's verdict for the non-moving party.'" Ford v. Reynolds, 316 F. 3d 351, 354 (2d Cir. 2003).

Defendants assert several arguments in support of their motions for summary judgment, including failure to exhaust his administrative remedies, failure to establish deliberate indifference, lack of personal involvement and qualified immunity. Defendant Beilein's Memorandum of Law [52-5], Points II -V; Defendant Hohensee's and Aikin's Memorandum of Law [51-21], Points I-V.

**B.     Plaintiff Failed to Exhaust His Administrative Remedies**

DOCS has implemented a three-tier internal grievance procedure: "The first is the filing of a complaint with the facility's Inmate Grievance Review Committee. The second is an appeal to the facility superintendent. The final level is an appeal to the DOCS Central Office Review Committee in Albany. . . . A prisoner has not exhausted his administrative remedies until he goes through all three levels of the grievance procedure." Doe v. Goord, 2004 WL 2829876, *9 (S.D.N.Y. 2004).

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). The "PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

Where an inmate fails to exhaust his or her administrative remedies in accordance with prescribed prison procedures, the following three-part inquiry is appropriate: "[T]he court must [1] ask whether administrative remedies were in fact available to the prisoner. [2] The court should also inquire as to whether the defendants may have forfeited the affirmative defense of non-exhaustion by failing to raise or preserve it, or whether the defendants' own actions inhibiting the inmate's exhaustion of remedies may estop one or more of the defendants from raising the plaintiff's failure to exhaust as a defense. [3] If the court finds that administrative remedies were available to the plaintiff, and that the defendants are not estopped and have not forfeited their non-exhaustion defense, but that the plaintiff nevertheless did not exhaust available remedies, the court should consider whether special circumstances have been plausibly alleged that justify the prisoner's failure to comply with administrative procedural requirements." Hemphill v. New York, 380 F. 3d 680, 686 (2d Cir. 2004). *See* Brownell v. Krom, 446 F. 3d 305, 311 (2d Cir. 2006).[3]

According to Captain Duane Vendetta, the Grievance Coordinator for the Niagara County Jail, plaintiff submitted two grievances while at the Niagara County Jail. Vendetta Affidavit [51-18], ¶15. The first was with regard to sanitation concerns, which is not at issue in this case. Id.

Plaintiff filed a second grievance on August 11, 2007, "seeking to obtain his medical records and an opportunity to speak with a physician about his hospitalization at the Erie

---

[3] "While recognizing that the Supreme Court's decision in *Woodford* [*v. Ngo*, 548 U.S. 81 (2006)] may cast some doubt on the continued viability of the *Hemphill* analysis, the Second Circuit has continued to scrutinize failure to exhaust claims with reference to these three prongs." Hooks v. Howard, 2010 WL 1235236, *4 (N.D.N.Y. 2010).

County Medical Center in June of 2007 and the final disposition there as to his medical condition". Id., ¶16; Java Affidavit [53], Ex. H.[4] Because this claim is distinct from the claims presented in plaintiff's complaint, which centers on the level of medical care he received prior to being hospitalized at ECMC, I find that plaintiff has not exhausted his administrative remedies, nor has he demonstrated special circumstances excusing his failure to do so. Therefore, I recommend that his complaint be dismissed on this basis.

Even if plaintiff had exhausted his administrative remedies, I would still recommend that his complaint be dismissed, for reasons discussed in points C and D below.

**C.  There is Insufficient Evidence of Personal Involvement
by Sheriff Beilein and Dr. Hohensee**

It is the well settled law of this Circuit that a defendant must be personally involved in an alleged constitutional deprivation for a court to award damages under § 1983. *See* Provost v. City of Newburgh, 262 F.3d 146, 154 (2d Cir. 2001). "In order to prevail on a section 1983 cause of action against an individual, a plaintiff must show some tangible connection between the constitutional violation alleged and that particular defendant. . . . As is true of other types of claims, this principle applies to causes of action claiming unlawful retaliation." Amaker v. Kelley, 2009 WL 385413, *17 (N.D.N.Y. 2009).

"[T]he doctrine of respondeat superior does not apply to § 1983 cases". Allah v. Poole, 506 F.Supp.2d 174, 193 (W.D.N.Y. 2007)(Larimer, J.). Therefore, the

---

[4] It appears from the response to plaintiff's August 11, 2007 grievance that later in the grievance process he included deliberate indifference complaints. *See* Vendetta Affidavit [51-18], Ex. A, August 24, 2007 submission.

Second Circuit has found that the personal involvement of a supervisory defendant must be established by evidence that:

> "1) the defendant participated directly in the alleged constitutional deprivation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring." Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995).

There is no allegation in the complaint that Sheriff Beilein had any personal involvement, either through direct participation or in a supervisory capacity, in plaintiff's medical treatment at the Niagara County Jail. Under these circumstances, I find that he lacks sufficient personal involvement to be held liable for the alleged conduct.

There is likewise no allegation in the complaint that Dr. Hohensee had any personal involvement, either through direct participation or in a supervisory capacity, in plaintiff's medical treatment at the Niagara County Jail. The record makes clear Dr. Hohensee's involvement in plaintiff's medical treatment at issue was limited to being contacted by Nurse Aikin on June 7, 2007 about plaintiff's condition and the plan for his treatment. Hohensee Affidavit [51-14], ¶12. Together, they determined that plaintiff be transported to ECMC for further evaluation and treatment. Id., ¶12. His only direct contact with plaintiff occurred in January 2007, prior to the incident, when plaintiff was tested for diabetes and his asthma checked. Id., ¶11. Dr. Hohensee also saw plaintiff in November 2007, when he reviewed

plaintiff's ECMC records with him. Id., ¶13.[5] Therefore, I recommend that the complaint be dismissed against Sheriff Beilein and Dr. Hohensee on this basis as well.

D.     **Defendants Did Not Violate Plaintiff's Eighth Amendment Rights**

The Eight Amendment's "deliberate indifference" standard consists of both objective and subjective components. Hathaway v. Coughlin, 37 F. 3d 63, 66 (2d Cir. 1994), cert. denied, 513 U.S. 1154 (1995). Under the *objective* component, the alleged medical need must be "sufficiently serious." Id. A "sufficiently serious" medical need is "a condition of urgency, one that may produce death, degeneration, or extreme pain." Id. "Factors that have been considered include the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." Chance v. Armstrong, 143 F. 3d 698, 702 (2d Cir. 1998). "The medical condition does not have to occur immediately; it suffices if the condition presents itself 'in the next week or month or year.'" Moore v. McGinnis, 2004 WL 2958471, *6 (W.D.N.Y. 2004) (Siragusa, J.).

To satisfy the *subjective* component, plaintiff must show that the defendant officials acted with a "sufficiently culpable state of mind" in depriving him of adequate medical treatment. Hathaway v. Coughlin, 99 F. 3d 550, 553 (2d Cir. 1996). "The subjective element of

---

[5] To the extent plaintiff's complaint can be read to allege that defendants did not apprise him of or adequately treat his condition following his hospitalization at ECMC, this claim is belied by the undisputed evidence presented by defendants. Upon his discharge from ECMC on June 12, 2007, plaintiff's discharge instructions were followed by ECMC. Aikin Affidavit [51-15], ¶28. Plaintiff was advised that it was against Niagara County Jail's policy to provide inmates with medical records from outside providers, but that he could request the records directly from ECMC. Id., ¶28; Vendetta Affidavit [51-18], Ex. A. Nevertheless, on November 20, 2007, Dr. Hohensee and Nurse Aikin discussed plaintiff's hospitalization at ECMC with him and answered his questions. Id., ¶29.

-8-

deliberate indifference 'entails something more than mere negligence . . . [but] something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result.'" Id. *See also* Hernandez v. Keane, 341 F. 3d 137, 144 (2d Cir. 2003), cert. denied, 543 U.S. 1093 (2005) (likening the necessary state of mind to "the equivalent of criminal recklessness"). In order to be found "sufficiently culpable," the official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety; [he] must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

"[D]eliberate indifference [will not] be found when an inmate simply prefers an alternative treatment or feels that he did not get the level of medical attention that he desired". Shire v. Greiner, 2007 WL 840472, *12 (S.D.N.Y. 2007). Instead, plaintiff must establish that defendants "acted with a sufficiently culpable state of mind, *i.e.*, deliberate indifference. Plaintiff must therefore show that prison officials intentionally denied, delayed access to, or intentionally interfered with prescribed treatment". Tafari v. Stein, 2009 WL 331378, *6 (W.D.N.Y. 2009) (Scott, M.J.), reconsideration denied, 2009 WL 1322317 and 2009 WL 1579530.. "[A]llegations of negligence or malpractice do not constitute deliberate indifference unless the malpractice involved culpable recklessness". Calloway v. Denane, 2009 WL 3064781, *4 (N.D.N.Y. 2009).

Defendants rely on the expert affidavit of Dr. Pasquale Baranello, who opines that "the medical care provided to the plaintiff by Dr. Hohensee and Mr. Aikin was timely and appropriate and consistent with the standard of care in the community. . . . [T]he records in this matter do not reflect deliberate indifference . . . to plaintiff's medical needs. Mr. Burgos-Reyes

benefitted from the medical care provided by Dr. Hohensee, Mr. Aikin and the doctors at ECMC". Baranello Affidavit [51-16], ¶30.

Plaintiff fails to submit any evidence rebutting this opinion and raising a triable issue of fact as to defendants' alleged deliberate indifference. Therefore, I recommend that plaintiff's Eighth Amendment deliberate indifference claim be dismissed.

**CONCLUSION**

For these reasons, I recommend that defendants' unopposed motions for summary judgment [52 and 53] be granted. Unless otherwise ordered by Judge Arcara, any objections to this Report and Recommendation must be filed with the clerk of this court by December 2, 2010 (applying the time frames set forth in Fed. R. Civ. P. 6(a)(1)(C), 6(d), and 72(b)(2)). Any requests for extension of this deadline must be made to Judge Arcara. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules of Civil Procedure for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." Failure to comply with

the provisions of Rule 72.3(a)(3), may result in the district judge's refusal to consider the objection.

**SO ORDERED**.

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge

Dated: November 15, 2010